KEENAN & BHATIA, LLC

233 Broadway, Suite 1810
New York, NY 10279
Tel: (917) 975-5278

4600 Madison Avenue, Suite 810
Kansas City, MO 64112
Tel: (816) 925-2273

www.keenanbhatia.com

September 18, 2026

**VIA ECF**

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

**Re: Brooks v. Bright Horizons Family Solutions, Inc., et al.; No. 1:24-cv-06076 (PAE) — Request for Pre-Motion Discovery Conference**

Dear Judge Engelmayer:

We represent Plaintiff Amanda Brooks and write to respectfully request a pre-motion discovery conference under Your Honor's Individual Rule 2.E and Local Civil Rule 37.2 to compel disclosure of Defendants' ESI search parameters and establish a reasonable ESI protocol. Defendants maintain that they need not disclose their search parameters, preventing meaningful negotiation. Plaintiff attempted in good faith to resolve this dispute through correspondence and a videoconference on September 18, 2026. The meet-and-confer process was unsuccessful.

**Background and Defendants' Refusal to Meet and Confer**

On August 14, 2026, Plaintiff served her requests for production, interrogatories, and proposed Electronically Stored Information ("ESI") protocol. *See* Exhibit 1 (Plaintiff's August 14, 2026 Proposed ESI Protocol). Plaintiff's proposed protocol identified custodians, date ranges, and search terms for locating potentially responsive ESI. *See* Exhibit 1 at pp. 4; 12-17.

After receiving no response to the protocol, Plaintiff followed up on September 10. On the evening of Friday, September 11, Defendants stated that they were preparing a response and requested a two-week extension to respond to Plaintiff's discovery demands. On September 14, Plaintiff agreed to a reciprocal extension, expressly conditioned on a protocol response by September 15. On September 15, Defendants advised that their response would come the following day, and Plaintiff allowed until September 16 at 4:00 p.m. and requested a September 18 meet-and-confer. On September 16, Defendants returned a redline wholesale deleting Plaintiff's proposed custodians, date ranges, and search terms without proposing alternative search parameters or providing the basis for their changes. *See* Exhibit 2 (Defendants' September 16 Proposed ESI Protocol). Plaintiff immediately objected and renewed her request to confer.

On September 17, Defendants asserted that the protocol imposed unnecessary burdens and that the producing party should control its search methodology. Defendants expressly rejected disclosure of their search parameters: "Our position is that there is no requirement under the

rules to provide the information you are requesting, including search parameters." Plaintiff explained that she was not seeking to dictate Defendants' technology or methodology, but that transparency was necessary to ensure that Defendants' were performing an adequate search, and again requested search parameters and counterproposals before the meet and confer.

At the September 18 videoconference, Plaintiff again requested Defendants' search parameters and sought to discuss the disputed protocol provisions. Defendants identified only two email custodians and stated there were "probably" other custodians whose names appear in the Complaint. They declined to provide a complete custodian list, date ranges, or search terms. The parties remained at an impasse.

**Defendants Must Disclose Their Search Parameters and Confer in Good Faith**

Rule 26(f)(2) requires a good-faith effort to agree on a discovery plan, and Rule 26(f)(3)(C) expressly includes ESI discovery, preservation, and production. Local Civil Rule 26.4(a) likewise expects cooperation throughout discovery. Rule 16(b)(3)(B)(iii) authorizes the Court to address ESI discovery in its scheduling order. These provisions support a defined process for exchanging search parameters, resolving concrete objections, and establishing an enforceable protocol.

*Brown v. Barnes & Noble, Inc.*, 474 F. Supp. 3d 637, 644 (S.D.N.Y. 2019), directly addresses this dispute. The court explained that parties are expected to "meet and confer about custodians of relevant ESI, date ranges for searches of ESI, and other search parameters." *Id* (citing Fed. R. Civ. P. 1 and 26(f)). More specifically, *Brown* states that a producing party generally must disclose the custodians searched, the search date ranges, and any search terms applied, even before the parties agree on a protocol. *Id.* at 646 n.5.

Indeed, courts in the Southern District routinely require the parties to meet and confer on ESI Protocols. "As one court in this District has aptly commented, there exists 'the need for careful thought, quality control, testing, and cooperation with opposing counsel in designing search terms or 'keywords" to be used in searching and producing ESI." *Precision Med. Grp., LLC v. Blue Matter, LLC*, No. 20 CIV. 2974 (PGG) (SLC), 2020 WL 7352509, at *1 (S.D.N.Y. Dec. 15, 2020) (citing *William A. Gross Const. Assocs., Inc. v. Am. Mfrs. Mut. Ins. Co.*, 256 F.R.D 134, 134 (S.D.N.Y. 2009).) In *SEC v. Collins & Aikman Corp.*, 256 F.R.D. 403, 414–15 (S.D.N.Y. 2009), the court held that "[t]he SEC's blanket refusal to negotiate a workable search protocol responsive to these requests is patently unreasonable" and directed counsel to confer and develop a workable protocol.

Defendants' refusal prevents that process. Naming two custodians and referring to possible others does not disclose the scope of the search. Nor can Plaintiff evaluate undisclosed date limits and search terms. If particular searches impose unnecessary costs, Defendants should identify those searches, provide a hit report, and propose reasonable alternatives.

These principles distinguish discretion over search methodology from disclosure of basic search scope. *Brown* recognized the producing party's control over its internal collection and review process while also requiring cooperation and explaining its disclosure obligations. *Id.* at 644, 646 n.5. Plaintiff seeks the search information identified in *Brown*, not counsel's mental impressions, control over Defendants' software, or automatic approval of every proposed term. Defendants'

assertion that they are conducting searches does not answer which custodians, time periods, and search terms those searches cover.

Any burden dispute should address specific searches and reasonable alternatives. In *Precision Med. Grp., LLC v. Blue Matter, LLC*, No. 20 Civ. 2974 (PGG) (SLC), 2020 WL 7352509 (S.D.N.Y. Dec. 15, 2020), the court considered hit counts, estimated review time, and the relevance of disputed terms before ordering a tailored search. Defendants should likewise identify the searches they consider burdensome and provide concrete supporting information, including available hit counts and estimated review time or cost.

**This Court Should Compel Defendants to Meet and Confer on the ESI Protocol**

Plaintiff requests an order establishing a reasonable ESI protocol based on her August 14 proposal, with modifications appropriate under Rule 26(b)(1). Plaintiff requests that Defendants be required to identify in writing all custodians whose ESI has been or is being searched, the date ranges, and any search terms applied.

Plaintiff further requests that the parties be directed to confer substantively after those disclosures and, within fourteen days of the Court's order, submit either an agreed protocol or a joint statement identifying the remaining disputed provisions and each party's position. Plaintiff requests that the Court resolve any remaining disputes and establish a reasonable protocol based on the August 14 proposal, with modifications appropriate under Rule 26(b)(1). Undisputed searches and production should continue while those issues are resolved.

Respectfully submitted,

Hilary J. Orzick
Keenan & Bhatia, LLC
Counsel for Plaintiff Amanda Brooks

cc: All counsel of record (via ECF)

The Court has received plaintiff's letter. Consistent with the Court's individual rules regarding discovery disputes, defendants' response is due Thursday, September 24, 2026.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Date: September ~~19~~ 21, 2026
New York, New York